UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
WESTLEY FISHER, DERRICK MADDEN, DARRYL
WARING, ANDREW CAMPBELL, VINCENT HOBSON,
VINCENT CLARK, ARUTHUR KEELING, CHARLES
WHITAKER, DEVAUGHN ROSE, CAROL WILLIAMS,
STEPHANIE TUCKER, DAMON GORDON and
ALEXANDER DOTTIN,

         Plaintiffs,

  -against-

CITY OF NEW YORK, DETECTIVE WILLIAM
DOHENY, SHIELD #5312, POLICE OFFICER
ERIC ANDREOLI, TAX REG #918696 and
UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS, EMPLOYEES AND AGENTS,

         Defendants.
------------------------------------------X

**AMENDED COMPLAINT**

CIVIL ACTION NO.:
04-CV-6187(DAB)

**JURY TRIAL DEMANDED**

The plaintiffs, complaining of the defendants, by their attorney, THOMAS SHEEHAN, ESQ. of CHEDA & SHEEHAN, respectfully show to this Court and allege:

**JURISDICTION**

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331,

1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. § 1391 (b) (1&2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

**PARTIES**

7. The plaintiffs WESTLEY FISHER, DERRICK MADDEN, DARRYL WARING, ANDREW CAMPBELL, VINCENT HOBSON, VINCENT CLARK, ARUTHUR KEELING, CHARLES WHITAKER, DEVAUGHN ROSE, CAROL WILLIAMS, STEPHANIE TUCKER, DAMON GORDON and ALEXANDER DOTTIN are Black and are residents of the United States and are residents of the County of New York, State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK(NYC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, its agents, servants and

employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYCPD), including all the police officers thereof and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times hereinafter mentioned, defendants DETECTIVE WILLIAM DOHENY, SHIELD #5312, POLICE OFFICER ERIC ANDREOLI, TAX REG #918696 and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS were employed by the defendant, CITY OF NEW YORK, as police officers in New York City, New York.

11. The NEW YORK CITY POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, CITY OF NEW YORK, is responsible for the policies, practices and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the

State of New York.

13. Each and all of the acts of the defendants, alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state and city.

### STATEMENT OF FACTS

14. Plaintiffs were inside an apartment at 459 Lennox Avenue, New York, New York on April 8, 2004 at or about 11:59 PM except for plaintiff TUCKER who was in front of this location. At this time plaintiffs were falsely arrested, imprisoned, searched, their property was seized and they were maliciously prosecuted.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS

15. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

16. That the plaintiffs' rights have been violated under the Fourth and Fourteenth amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiffs were unlawfully seized and detained and plaintiffs were unlawfully, arrested, imprisoned, searched and maliciously prosecuted. Plaintiffs were subjected to an illegal search of their property, seizure and/or destruction of their property, had their rights to privacy violated and were subjected to

abuse of process and intentional infliction of emotional distress.

17. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' rights: to be secure in their persons, papers, and effects against unreasonable searches and seizures; not to be deprived of life, liberty, and property without due process of law; to be informed of the nature and cause of the accusation against him/her as secured to him/her under the Fourteenth Amendment of the Constitution of the United States; and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States; right to remain silent and not be questioned.

18. That the said detentions, arrests and imprisonments were caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

19. That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned plaintiffs even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore were alleged wrongfully, unlawfully and without sufficient charges having

5

been made against the plaintiff, directed that the plaintiffs be searched and placed in confinement.

20. That the defendant individual police officers conspired together to violate plaintiffs' rights in that the individual officers acted in concert to unlawfully violate plaintiffs' rights.

21. That the plaintiffs were innocent of criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and were forced by the defendants to submit to the aforesaid actions thereto entirely against their wills.

22. That as a result of the aforesaid accusations made by defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, plaintiffs were compelled to appear before the Criminal Court of the City of New York, New York County.

23. That the defendants intended to confine the plaintiffs; in that the plaintiffs were conscious of the confinements; plaintiffs did not consent to the confinements; and, that the confinements were not otherwise privileged.

24. That by reason of the violations of plaintiffs' rights, plaintiffs were subjected to physical and emotional harms, injured in their credit and circumstances and were then and there prevented and hindered from performing and transacting their necessary affairs and business, the loss of employment and the loss of employment

opportunities.

25. That by reason of the aforesaid, the plaintiffs have each been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS

26. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

27. That the individual defendants failed in their affirmative duty to intervene to protect the constitutional rights of plaintiffs from infringement by other law enforcement officers in their presence. That by way of the defendant officers' failure to intercede to prevent the harms caused by the actions of the other defendants that they observed depriving the plaintiffs of their constitutional rights and because there were realistic opportunities to intervene to prevent the aforestated harms from occurring, all the above mentioned defendant officers are liable to the plaintiffs for the resulting constitutional deprivations and the resulting aforementioned harms plaintiffs suffered due to defendants failure to exercise their affirmative duty to act.

28. That by reason of the aforesaid, the plaintiffs each have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION

**ON BEHALF OF PLAINTIFFS**

29. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

30. Defendants the CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS, who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiffs' constitutional rights under 42 U.S.C. § 1983, failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above mentioned conduct and allowing for the continuation of the case in criminal court.

31. Defendants, the CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS, who were supervisors, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct.

32. Defendants as a matter of policy and practice, have with deliberate indifference failed to sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants in this case, to engage in unlawful

8

conduct.

33. That the defendants have also with deliberate indifference failed to intercede to stop the violation of the plaintiffs' rights.

34. That the defendant police officers, each of them, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the CITY OF NEW YORK and the defendants here, separately and in concert, engaged in the illegal conduct above mentioned to the injury of the plaintiffs and deprived plaintiffs of their rights under the Constitution of the United States and the laws of the United States.

35. The Police Officers of the defendant CITY OF NEW YORK and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiffs and other persons to a pattern of conduct consisting of illegal harassments, assaults and batteries, false imprisonments and arrests, racial and ethnic discrimination, and malicious prosecutions at the time said persons were lawfully and properly partaking in lawful activities in exercising their rights to assemble, travel, demonstrate and petition the government in the City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiffs and other citizens by the Constitution of the United States.

36. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and

false imprisonment and malicious prosecution visited on plaintiffs, and other citizens by members of defendant CITY OF NEW YORK's police department and, acting in concert with persons unknown to plaintiffs and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

37. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendants CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS, have not taken adequate steps nor made sufficient efforts to halt this course of conduct, to make redress to the plaintiffs or other citizens injured thereby, or to take appropriate action against their employees or agents.

38. It was and is the policy and custom of the CITY OF NEW YORK to investigate inadequately and improperly civilian complaints of police misconduct. The Internal Affairs Bureau (IAB) and the Civilian Complaint Review Board (CCRB) have substantially failed to investigate and discipline transgressors. Further the CCRB does not investigate thousands of complaints in that they are often referred for investigation to a suspect police officer's co-precinct workers. These investigations are a sham and almost always result in no action against the officer.

39. That the CITY has no system in place to monitor and/or investigate wrongdoing and criminal behavior by police officers brought to its attention through lawsuits and notices of claims.

40. That defendant CITY has failed to criminally investigate and prosecute police officers.

41. That by reason of the aforesaid violations of the constitution and law by the defendants, their agents, servants and employees, who conspired together to wrongfully deprive the plaintiffs and compel them to abandon their rights and privileges as provided in the Constitution of the United States of America, and provided in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983 in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of NYC and UNIDENTIFIED POLICE OFFICERS subjected or caused to be subjected, citizens of the United States or other persons within the jurisdiction, particularly the plaintiffs, thereof to be deprived of their rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; injured in their character and reputation, prevented from attending their usual businesses and vocations and were injured in their reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the plaintiffs.

42. That by reason of the aforesaid, the plaintiffs each have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, plaintiffs each demand judgment against the defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the First Cause Of Action; ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; ONE MILLION ($1,000,000.00) DOLLARS on the Third Cause of Action; and reasonable attorneys' fees; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated:   August 26, 2004
         Queens, New York

_____
THOMAS SHEEHAN, ESQ., TS-1345
CHEDA & SHEEHAN
Attorney for Plaintiffs
76-03 Roosevelt Avenue
Jackson Heights, NY 11372
(718) 478-4868